**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO MURILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:06-CV-1725-BF** |
| | § | **ECF** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pursuant to the District Court's Order (doc. 14), this is now a consent case before the United States Magistrate Judge Paul D. Stickney. Before this Court is Defendant U.S. Department of Homeland Security's ("Defendant") motion for summary judgment (doc. 19). For the reasons stated herein, the motion is denied. Furthermore, for the reasons stated below, Plaintiff's complaint is dismissed.

**I.**

Plaintiff Alejandro Murillo ("Plaintiff") filed Freedom of Information Act/Privacy Act ("FOIA") requests for copies of all records relating to Plaintiff with the various subdivisions of the Department of Homeland Security ("DHS"). Pl.'s Br. at 1; Def.'s Br. at 1. Specifically, Plaintiff requested copies of "any form, petition, or application ever filed by him or his benefit." Pl.'s App. to Compl. at 3. Plaintiff submitted requests to the U.S. Citizenship and Immigration Services ("CIS") and the U.S. Immigration and Customs Enforcement ("ICE") on February 13, 2006, the Department of Homeland Security Departmental Disclosure Office ("DDO") on February 21, 2006, and the U.S. Custom and Border Protection ("CBP") on May 11, 2006. *Id*. at 1-4.

On March 10, 2006, the DDO notified Plaintiff that the records relating to Plaintiff would

be in the custody of the CIS, and forwarded his request to CIS. *Id*. at 14. "On March 20, 2006, the [National Records Center] made a general inquiry for Plaintiff's alien file and determined that the file was at the [NRC]. The file was requested from the NRC on March 20, 2006 and was scanned into the instant case on April 20, 2006." Def.'s App. at Ex. 1. On March 20, 2006, CIS sent Plaintiff a letter stating that Plaintiff's request has been received, the control number Plaintiff's request has been assigned, and explaining the manner in which such requests are handled. *Id*. "On March 21, 2006, Plaintiff filed an administrative appeal with the DHS, USCIS FOIA Appeals Office, of the National Record Center's failure to respond to his request within the statutory timeframe." Pl.'s Compl. at ¶ 23. On April 18, 2006, CIS sent Plaintiff a letter stating, "Our function is limited to the review of those records to which access is in fact denied. In the event that the National Records Center still has not responded to your request at the time you receive this letter, you may, if you choose, treat this letter as a denial of your appeal and bring action in an appropriate federal court." Pl.'s App. to Compl. at 19. "By letter dated May 11, 2006, Plaintiff filed an administrative appeal of ICE's failure to make a determination with respect to his request within the statutorily mandated time limit." Pl.'s Br. at 2 (citing Pl.'s App. to Compl. at 5). Also on May 11, 2006, Plaintiff sent a letter to the CIS requesting production of his records. Pl.'s App. to Compl. at 20. By a letter dated May 24, 2006, CBP informed Plaintiff that more information was needed to process his May 11, 2006 request, and Plaintiff responded to CBP's letter on June 7, 2006 by providing the requested form and describing the records sought. *Id*. at 7, 8. On May 31, 2006, CIS sent Plaintiff a letter regarding the status of his request, specifically, informing him that his request is number 67,500 on the list of 91,565 pending cases. *Id*. at 21. On July 10, 2006, Plaintiff sent a letter to CIS requesting production of his records. *Id*. at 20. On July 17, 2006, CBP notified Plaintiff that records

relating to Plaintiff would be in the custody of the CIS, and forwarded his request to CIS. *Id*. at 12. On July 31, 2006, Plaintiff sent a letter to DHS's FOIA Unit requesting production of his records. *Id*. at 20.

On September 21, 2006, Plaintiff filed his complaint under FOIA asking the Court to order the Defendant to disclose the requested records. *See* Pl.'s Compl. at 8. At the time of the filing of Plaintiff's complaint, ICE and CIS have not produced any records responsive to Plaintiff's requests. Pl.'s App. to Compl. at 21. On March 14, 2007, ICE sent Plaintiff a responsive record with an accompanying letter explaining ICE's response to Plaintiff's request. Pl.'s App. to Summ. J. Resp. at 1. On April 27, 2007, CIS sent Plaintiff responsive documents and an accompanying letter explaining CIS's response to Plaintiff's request. *Id*. at 2. Defendant filed its summary judgment motion on April 30, 2007.

## II.

"[T]he plain language of Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). "Plainly, Rule 56 means what it says: 'judgment . . . shall be rendered *forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Little*, 37 F.3d at 1075 (citing FED. R. CIV. P. 56(c)). "'Material facts' are 'facts that might affect the outcome of the suit under the governing law.'" *Hilton v. Sw. Bell. Tel. Co.*, 936 F.2d 823, 827 (5th Cir. 1991)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id*.

The moving party "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of [Plaintiff's] case." *Little*, 37 F.3d at 1075 (citing *Catrett*, 477 U.S. at 327; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323 (internal quotation omitted). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075. "If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id*. (citing *Celotex*, 477 U.S. at 325).

The nonmovant must "by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citing FED. R. CIV. P. 56). A party opposing a summary judgment motion cannot rest on mere conclusory allegations or denials of the opposing party's pleading. FED. R. CIV. P. 56(e). The nonmovant's "burden is not satisfied with 'some metaphysical doubt as to the material facts . . . by unsubstantiated assertions . . . or only a scintilla of evidence." *Little*, 37 F.3d at 1075 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lujan*, 497 U.S. at 871-73; *Hopper v. Frank*, 16 F.3d 92, 92 (5th Cir.

1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1082 (5th Cir. 1994)). If the nonmovant fails to establish a genuine issue of material fact as to all essential elements of his claim, the entry of summary judgment is mandated as to that claim. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991) (quoting *Celotex Corp.*, 477 U.S. at 322). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Catrett*, 477 U.S. at 322-23. Therefore, the "moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Catrett*, 477 U.S. at 323.

In addition, factual controversies are resolved "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan*, 497 U.S. at 888). *See also Lujan*, 497 U.S. at 888 (resolving actual disputes of material facts in favor of the nonmoving party "is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint. . . . It will not do to 'presume' the missing facts because without them the affidavits would not establish the injury that they generally allege"). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little*, 37 F.3d at 1076 (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 62 (5th Cir. 1993)).

**III.**

**A.**

Defendant argues that its motion for summary judgment should be granted because Plaintiff has not exhausted his administrative remedies. Def.'s Br. at 4. The Fifth Circuit in *Hedley v. United States* stated, "Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administration of remedies prior to seeking judicial review." *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). "FOIA provides for two different types of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or a part of a party's document request. Constructive exhaustion occurs when certain statutory requirements are not meet by the agency." *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994).

Defendant contends that Plaintiff failed to exhaust administrative remedies because "where a party, after constructive exhaustion of his administrative remedies, elects to not seek judicial review of his request, and instead deliberately chooses to wait for a proper response, actual exhaustion of the administrative remedies must occur before a federal court has jurisdiction to review challenges to the administrative action under FOIA." Def.'s Br. at 5 (citing *Taylor*, 30 F.3d at 1369). Defendant contends that since CBP's "response to Plaintiff, dated July 21, 2006[1], was the last correspondence between CBP and Plaintiff, as such, the agency has no record that Plaintiff sought further review. Accordingly, Plaintiff has failed to exhaust his administrative remedies, and this court lacks jurisdiction to review claims against the agency." Def.'s Br. at 5. Plaintiff on the other hand contends that he need not appeal the last correspondence between CBP and Plaintiff,

1. Defendant refers to CBP's July 21, 2006 letter. Although this letter is marked as being received on July 21, 2006, it is dated July 17, 2006. *See* Pl.'s App. to Compl. at 12.

namely the agency's July 17, 2006 letter, because informing Plaintiff about the transfer of his request from CBP to CIS is not a proper response. Pl.'s Resp. at 5. Plaintiff points out that the July 17, 2006 letter does not make a determination whether to release the records in question and does not inform Plaintiff of his right to appeal the action taken as required by the FOIA. *Id*. at 5 (citing 5 U.S.C. § 552(a)(6)(A)(i), § 552(a)(6)(C)(i)).

In considering a circumstance where a party chooses to wait for a proper response after constructive exhaustion takes place, the Eleventh Circuit in *Taylor* discussed a District of Columbia Circuit case, *Oglesby v. United States Department of the Army*, 920 F.2d 57, 64-65 (D.C. Cir. 1990). *See Taylor*, 30 F.3d at 1369. The *Taylor* Court stated:

> The United States Court of Appeals for the District of Columbia Circuit has extensively discussed this issue in a well-reasoned opinion in *Oglesby v. United States Department of Army*, 920 F.2d 57 (D.C. Cir. 1990). Oglesby held that after the agency properly responds to a request belatedly but before a lawsuit is filed, the party must actually exhaust administrative remedies before going to court. . . . We are persuaded by the sound reasoning behind this interpretation of § 552(a)(6)(c) which permits a challenge to the timeliness of the agency response, not to the adequacy of that response. Where a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual exhaustion must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA. We therefore join the District of Columbia Circuit and the Third Circuit on this issue.

*Taylor*, 30 F.3d at 1369 (citing *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993); *Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993)). In considering what constitutes a proper response, the *Oglesby* Court stated the following, "A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse. Assuming an agency's

initial response complies with these requirements, the FOIA requester must appeal to the head of the agency." *Oglesby*, 920 F.2d at 65 (citing 5 U.S.C. § 552(a)(6)(A)(i); *Shermco Indus. v. Sec'y of U.S. Air Force*, 452 F. Supp. 306 (N.D. Tex. 1978), *rev'd on other grounds*, 61 F.2d 1314 (5th Cir. 1980)). *See also Taylor*, 30 F.3d at 1370 ("Taylor argues that *Oglesby*, 920 F.2d at 67, requires the court to find that he constructively exhausted his remedies. There the requester sought certain documents from the Department of State []. State responded in two different letters. The first letter merely informed the requester that State would process his request. The second letter informed the requester that no documents responsive to his request had been found, an adverse determination under 5 U.S.C. § 552(a)(6)(A)(i), but did not notify the requester of his right to appeal. Therefore, the court concluded that the requester did not have to actually exhaust his remedies before filing suit. Here the IRS did respond, told Taylor which documents were being withheld, why, and what he needed to do in order to obtain the withheld documents, and provided information on appellate procedures. In short, the exhaustion requirement was triggered once the IRS met its obligations.").

As Plaintiff contends, it does not appear that the July 17, 2006 letter constitutes a sufficient response for the purposes of requiring an administrative appeal. *See* Pl.'s Resp. at 5. The July 17, 2006 letter merely informs Plaintiff that the responsive records are not under the purview of CBP and that Plaintiff's request has been forwarded to CIS. Pl.'s App. to Compl. at 12. The letter does not, as Plaintiff points out, make a determination regarding the release of the requested records nor informs Plaintiff of the right to appeal the action taken. *See* Pl.'s Resp. at 5. Since Defendant has not put forth any other arguments in support of its summary judgment motion, this Court determines that the summary judgment motion is denied. *Little*, 37 F.3d at 1075 ("If the moving party fails to meet this initial burden [of demonstrating the absence of a genuine issue of material fact], the motion

must be denied, regardless of the nonmovant's response.").

**B.**

Although this Court determines that Defendant's summary judgment motion should be denied, this Court determines that Plaintiff's complaint should be dismissed *sua sponte* for lack of subject matter jurisdiction. *See Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983) ("*Sua sponte* dismissal for lack of subject matter jurisdiction is, of course, proper at any stage of the proceedings.") (citing FED. R. CIV. P. 12(h)(3)); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). Jurisdiction in a FOIA suit is based on the Plaintiff showing that an agency improperly withheld records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("Under 5 U.S.C. § 552(a)(4)(B), federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552 if the agency has contravened all three components of this obligation."). However, if the agency releases the responsive records to the requestor, the case should be dismissed as the improperly withheld agency records that were the subject of the plaintiff's suit become a moot issue, divesting the court of the jurisdiction that was dependent upon a showing of their existence. *See id.*; *Voinche*, 999 F.2d at 963 (a complaint challenging the tardiness of the production of records in response to a FOIA request is rendered moot when the records are produced). *Cf. Amaya-Flores v. Dep't of Homeland Sec.*, No. A-06-CA-0225-LY, 2006 WL 3098777, at *3 (W.D. Tex. Oct. 30, 2006) (Austin, M.J.) ("The Court notes that the time requirements set forth in 5 U.S.C. § 552(a)(6)(A) are

rendered toothless if an agency may ignore a FOIA request for months (or years), and then, when sued, finally respond to the request and obtain a dismissal of the suit. However, the law of this Circuit so holds, and this court is bound to follow it.").

As previously mentioned, Plaintiff submitted FOIA requests to CIS, ICE, DDO, and CBP. *See* Pl.'s App. to Compl. at 1-4. DDO and CBP forwarded Plaintiff's requests to CIS on March 10, 2007 and July 17, 2007, respectively. *See id*. at 12, 14. As Plaintiff acknowledges, ICE and CIS responded to Plaintiff's requests on March 14, 2007 and April 27, 2007, respectively, by providing documents that they deemed responsive to Plaintiff's requests and letters explaining the reasons behind documents withheld. *See* Pl.'s Resp. at 3-4; Pl.'s App. at 1-2. At the time Plaintiff filed his complaint, no responsive documents have been produced by Defendant. Pl.'s Compl. at ¶¶ 15, 19, 21, 26, 31. Therefore, Plaintiff's complaint can only be based on the tardiness of the production of Plaintiff's records and cannot be regarding any particular withheld records. Since the March 14, 2007 and April 27, 2007 productions render Plaintiff's complaint moot, this case should be dismissed. *See Amaya-Flores*, 2006 WL 3098777, at *3 ("Indeed, because at the time the complaint was filed Defendant had not produced any records, it is impossible that Plaintiff could have been complaining about the failure to produce particular records. Rather, the suit was based on the fact that the statutory time for response had passed, and the Defendant had completely failed to respond. Because Plaintiff's Complaint is based on the tardiness of Defendant's response to her FOIA request, her claim has been rendered moot by Defendant's production of documents and her Complaint must be dismissed."); *Omari v. Ashcroft*, No. 1:04-CV-0104-C, 2004 WL 2534229, at *1 (N.D. Tex. Nov. 8, 2004) (Cummings, J.) ("To the extent that Petitioner complains in his response that the Government has improperly withheld certain records, he has raised claims which

he did not raise in his original petition and such claims should not be considered.”).[2]

**IV.**

For the reasons stated above, this Court determines that Defendant’s summary judgment motion is denied, and this case is dismissed.

So ordered. This 28th day of June, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2. Furthermore, this Court lacks jurisdiction over any claims alleging wrongful withholding of documents from ICE’s March 14, 2007 production and CIS’s April 27, 2007 production, because Plaintiff has not shown that he has sought administrative review for these productions. *See Voinche*, 999 F.2d at 963 (“Although Voinche exhausted his administrative remedies pursuant to § 552(a)(6)(c) in order to challenge the tardiness of the FBI’s response, he has not challenged the adequacy of the FBI’s response administratively. . . . the issue whether the agency’s response was adequate is not apposite.”). ICE specifically advised Plaintiff in the March 14, 2007 letter by stating, “You may appeal this decision in writing, within 60 days after the date of this notification to the Associate General Counsel (General Law), Department of Homeland Security, Washington, DC 20528.” Pl.’s App. at 1. Furthermore, CIS’s April 27, 2007 letter advised Plaintiff by stating, “In the event you wished to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, 2nd Floor, Washington, DC 20529, within 60 days of receipt of this letter.” *Id*. at 2.